United States District Court
Southern District of Texas
**ENTERED**
April 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SERVANDO GONZALEZ | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-145 |
| | § | CRIMINAL ACTION NO. 5:15-CR-1112-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER

United States Magistrate Judge John A. Kazen issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(3), which advises the Court to deny Petitioner's § 2255 motion and dismiss this civil action with prejudice (Civ. Dkt. No. 10). Neither party has filed objections. After reviewing the proposed findings and recommendation for plain error, the Court **ADOPTS** the Report and Recommendation as the findings and opinion of the Court. Petitioner's § 2255 Motion (Civ. Dkt. No. 1) is **DENIED**, and this civil action is **DISMISSED WITH PREJUDICE**. In addition, the Court issues the **ADDITIONAL FINDINGS** below.

### I. Petitioner's Claim for Violation of the Speedy Trial Act

Petitioner asserts that his counsel was ineffective by violating his constitutional right to a speedy trial. "The Speedy Trial Act, which is designed to protect a criminal defendant's constitutional right to a speedy trial," requires that "a defendant's trial commence within seventy days from his indictment or initial appearance, whichever is later." *United States v. Harris*, 566 F.3d 422, 428 (5th Cir. 2009) (citing 18 U.S.C. § 3161 (c)(1)). However, "the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *United States v. McMillon*, 657 F. App'x 326, 333 (5th Cir. 2016) (citing *Zedner v. United States*, 547 U.S. 489, 497 (2006) (cleaned up)). At least three

of the Speedy Trial Act's exclusions are at play in Petitioner's § 2255 motion.

First, the Act "excludes delay resulting from the filing of a pretrial motion through the conclusion of the hearing on, or other prompt disposition, of the motion." *United States v. Stephens*, 489 F.3d 647, 656 (5th Cir. 2007) (citing 18 U.S.C. § 3161(h)(1)(D)). And if the pretrial motion does not require a hearing, "the Speedy Trial clock is tolled from the date of [the motion's] filing until either (a) the motion is ruled on, or (b) thirty days have elapsed since the motion was taken under advisement, whichever is sooner." *United States v. Madrid*, No. EP-11-CR-3020-FM, 2012 WL 5517057, at *1 (W.D. Tex. Nov. 13, 2012) (cleaned up). Second, the Act excludes any "period of delay resulting from a continuance granted by any judge," if the judge "granted such continuance on the basis of her findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *McMillon*, 657 F. App'x at 334 (citing 18 U.S.C. § 3161 (h)(7)(A)). Third, a district court's certification that the criminal case is "complex" tolls the Speedy Trial clock indefinitely. *United States v. Williams*, 314 F. App'x 656, 659 (5th Cir. 2009); *United States v. Buitrago*, No. 4:09-CR-194, 2012 WL 4815685 at *2 (W.D. Tex. Sept. 27, 2012)).

After his indictment, Petitioner made an initial appearance on September 21, 2015 (Cr. Dkt. No. 8), which triggered the Speedy Trial clock. Thirty-six non-excludable days elapsed until Petitioner filed a pretrial motion to continue on October 27, 2015 (Cr. Dkt. No. 23), which tolled the Speedy Trial clock until the Court issued "ends of justice" findings and granted the motion on November 9, 2015 (Cr. Dkt. No. 31). In its order granting Petitioner's motion, the Court reset Petitioner's final pretrial conference to December 4, 2015, and "the speedy trial clock remained tolled during this continuance period." *McMillon*, 657 F. App'x at 334. On December 3, 2015—while the Speedy Trial clock remained tolled—the Government filed a pretrial motion to certify the case as complex (Cr. Dkt. No. 38), which

extended the tolling period until the Court granted the motion on December 9, 2015, which in turn tolled the clock indefinitely (Cr. Dkt. No. 42). Thus, given that only thirty-six non-excludable days elapsed between Petitioner's initial appearance and guilty plea, Petitioner's claim is without merit.[1]

### II. Petitioner's Claim for Misadvise

Petitioner asserts that his counsel was ineffective by providing "misadvise" that he "would be sentenced to a term of 120 months if he pleaded out and that he would be out sooner if he did not take [the case] to trial" (Civ. Dkt. No. 1-1 at 3). However, as articulated by Judge Kazen, Petitioner's misadvise claim is contradicted by his plea agreement and the record at his plea colloquy, and he has failed to provide independent corroboration in support of his allegation. Moreover, while under oath, both of Petitioner's trial lawyers—his initial court-appointed lawyer and subsequent retained lawyer—denied ever having provided the advice that Petitioner complains about (Civ. Dkt. Nos. 20, 21). Thus, Petitioner's claim fails.

It is so **ORDERED**.

**SIGNED** April 15, 2020.

_____
Marina Garcia Marmolejo
United States District Judge

---

[1] Petitioner also filed a Waiver of Speedy Trial Limits (Cr. Dkt. No 24) which has no bearing on the Court's analysis given the absence of any Speedy Trial Act violation. *See McElhaney v. United States*, No. 3:07-CV-0191-L, 2009 WL 54256, at *19 (N.D. Tex. Jan. 8, 2009) ("[There was no violation of the Speedy Trial Act on the facts of this case because the Court entered written orders to continue the trial date . . . Because a waiver is not necessary to exclude time under [the Act,] the purported waiver ha[s] no impact on the speedy trial calculations." (citing *Zedner*, 547 at 489)); *United States v. Beals*, 755 F. Supp. 2d 757, 761 (S.D. Miss. 2010) ("[W]here the court finds that the delay in a defendant's trial is excludable under one of the exceptions to the Speedy Trial Act, the court 'need not address whether the defendant waived his speedy trial act rights indefinitely.'" (quoting *United States v. Miles*, 290 F.3d 1341, 1349 n. 7 (11th Cir. 2002))).