Case 5:15-cr-01112 Document 288 Filed on 07/12/24 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 5:15-CR-1112-1 |
| | § | |
| SERVANDO GONZALEZ | § | |

**ORDER**

Pending before the Court is Defendant's motion to reduce his sentence (Dkt. No. 284). After careful consideration of the record and applicable caselaw, the motion (Dkt. No. 284) is **DENIED**.

## I. BACKGROUND

On May 3, 2016, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of methamphetamine (Dkt. Nos. 1; 101 at 1). He had played "an integral part of [a] drug trafficking organization," serving as one of the main points of contact for the Mexican drug supplier, who was believed to belong to the La Familia drug cartel (Dkt. Nos. 148 at 8–9; 173 at 2). The presentence report held Defendant accountable for trafficking 20.8 kilograms of cocaine, .63 grams of cocaine base, 148.6 grams of heroin, and 34.8 kilograms of methamphetamine on at least seven different occasions (Dkt. No. 148 at 8, 21). The drug seizures were the result of a multi-year investigation (*id.* at 8) On October 24, 2017, the Court sentenced Defendant to 210 months' imprisonment, the low end of his sentencing range under the United States Sentencing Guidelines (Min. Ent. Oct. 24, 2017; Dkt. Nos. 173 at 1).

1

O

Defendant filed the instant motion on October 4, 2023, claiming extraordinary and compelling circumstances warranted a sentence reduction because (i) he is 63 years old, (ii) he has high blood pressure, cardiovascular disease, and glaucoma, and (iii) his age and medical conditions make him particularly vulnerable to COVID-19 complications, should he become infected with the virus (Dkt. No. 284 at 3).

Defendant requested relief from the Warden at his facility, who denied his request on June 16, 2023 (*id.* at 4, 6). The Warden's denial letter noted that Defendant's medical summary reflects he has been diagnosed with hypertension and glaucoma, but makes no mention of cardiovascular disease (*see id.* at 6). Observing that Defendant can "perform instrumental activities of daily living" and that his "prognosis is good," the Warden denied Defendant's request (*id.*). Defendant waited more than thirty days after the Warden's receipt of his request before filing the instant motion, so he exhausted his administrative remedies as required by statute. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting defendants to bring a sentence reduction motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). Accordingly, the motion is ripe for the Court's review.

## II. LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a criminal defendant's sentence on the defendant's motion—after finding that the defendant exhausted his administrative remedies and after considering the factors set forth in 18 U.S.C. § 3553(a)—if the court concludes that (1) extraordinary and compelling reasons warrant a reduction; and (2) the reduction is consistent with the United

States Sentencing Commission's applicable policy statements.

The applicable policy statement is found in the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. The Fifth Circuit has held that this provision does not bind courts, but it is nonetheless relevant guidance. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("[W]e conclude that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").

As relevant here, § 1B1.13(b)(1)(B) provides for a sentence reduction based on extraordinary and compelling circumstances where the defendant is:

- (I) suffering from a serious physical or medical condition,
- (II) suffering from a serious functional or cognitive impairment, or
- (III) experiencing deteriorating physical or mental health because of the aging process,
  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

"A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant." *United States v. Fuentes*, 512 F. Supp. 3d 770, 774 (S.D. Tex. 2021) (quoting *United States v. Koons*, 455 F. Supp. 3d 285, 290 (W.D. La. 2020)).

### III. DISCUSSION

Defendant's arguments break no new ground in this Circuit. During and since the COVID-19 pandemic, a host of inmates have argued that their medical conditions

present extraordinary and compelling circumstances warranting release, given the risk of comorbidities with the virus. *See, e.g., United States v. Rodriguez*, 27 F.4th 1097, 1098–1101 (5th Cir. 2022) (affirming denial of sentence reduction where inmate alleged that hypertension, obesity, and untreated heart failure increased his risk of COVID-19 complications); *United States v. Gowdy*, 832 F. App'x 325, 327 (5th Cir. 2020) (per curiam) (affirming denial of sentence reduction, during height of pandemic, for inmate who had hypertension and gastro-esophageal reflux disease); *United States v. Sells*, No. 21-40887, 2022 WL 2573036, at *1 (5th Cir. July 8, 2022) (per curiam) (affirming sentence reduction for inmate who feared COVID-19 complications due to his asthma, diabetes, and hypertension).

In *Thompson*, the Fifth Circuit affirmed the district court's denial of an inmate's request for compassionate release based on "his underlying health issues and the COVID-19 pandemic." 984 F.3d at 432. The defendant there argued that his hypertension, high cholesterol, and a prior stroke which he had recovered from meant he faced a heightened risk of severe COVID-19 complications. *Id.* at 432–33. Regarding his hypertension, the court noted that "nearly half of the adult population in the United States suffers from hypertension," so it was not an "extraordinary" condition. *Id.* at 434. Further, the defendant's medical conditions were effectively managed by medication. *Id.* at 433. Thus, the defendant had not presented extraordinary and compelling circumstances warranting his release. *Id.* at 435.

Unfortunately, Defendant's alleged medical conditions here are likewise all too common in the United States. As discussed by the *Thompson* court, Defendant's

4

hypertension is a condition shared by nearly half the adults in the country.[1] Glaucoma afflicts more than three million Americans.[2] As the Warden did not note that Defendant's medical record includes a diagnosis of cardiovascular disease, it is unclear whether Defendant has been diagnosed with this condition (*see* Dkt. No. 284 at 6). Regardless, roughly five percent of American adults have been diagnosed with cardiovascular disease.[3] Perhaps more importantly, Defendant also states that he is currently prescribed several medications to help treat these conditions (*id.* at 3). *See Sells*, 2022 WL 2573036, at *1 ("[T]hese conditions, when coupled with the fact that his medical conditions are well managed with medication and monitoring, are not extraordinary and compelling reasons warranting a reduced sentence.") (citation omitted). According to the Warden, Defendant's "prognosis is good" and he can "perform instrumental activities of daily living" (*id.* at 6). Therefore, Defendant has not established how these are conditions which "substantially diminish[ ] [his] ability to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B).

Moreover, "[f]ear of COVID doesn't automatically entitle a prisoner to release." *Thompson*, 984 F.3d at 435. Here, Defendant's fears of complications with COVID-19 are especially speculative, because his prison facility currently has zero active

---

[1] *See Faststats: Diseases and Conditions: Hypertension*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/nchs/fastats/hypertension.htm (Nov. 21, 2023).
[2] *See Vision and Eye Health: Current Glaucoma Programs*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/vision-health/php/glaucoma-programs/index.html (May 15, 2024).
[3] *See Faststats: Diseases and Conditions: Heart Disease*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/nchs/fastats/heart-disease.htm (Apr. 26, 2024).

COVID-19 cases.⁴ This further undercuts Defendant's contention that extraordinary and compelling circumstances warrant his release from the facility. *See United States v. Luedde*, No. 21-40258, 2022 WL 3098245, at *1 (5th Cir. Aug. 4, 2022) (absence of COVID-19 cases at defendant's facility supported denial of his compassionate release motion where he alleged "long COVID" put him at greater risk of complications).

Defendant's age does not change the analysis. U.S.S.G. § 1B1.13(b)(1)(B)(iii) provides for a sentence reduction where a defendant is, in part, "experiencing deteriorating physical or mental health because of the aging process." But Defendant's age alone cannot convert his circumstances into extraordinary and compelling ones that warrant his release. At 63 years of age, Defendant also cannot avail himself of § 1B1.13(b)(2), which permits a reduction for defendants who are at least 65 years old, are experiencing "a serious deterioration in physical or mental health because of the aging process," and have served at least 10 years or 75 percent of their sentences, whichever is less. Thus, no provision in the Sentencing Commission's policy statement suggests that extraordinary and compelling reasons exist to release Defendant from his prison facility or otherwise lower his sentence.

Lastly, the factors enumerated in 18 U.S.C. § 3553(a) do not warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A) (sentence reductions based on extraordinary and compelling circumstances may only be granted after the court considers § 3553(a) factors, to the extent they are applicable). Most important here are the factors concerning the nature and circumstances of the offense and the need

---

⁴ See FEDERAL BUREAU OF PRISONS, INMATE COVID-19 DATA (as of June 28, 2024) (row: "BAS"), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.

for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). As discussed above, Defendant was one of the main points of contact with a Mexican drug supplier who was believed to belong to the La Familia drug cartel (Dkt. No. 148 at 8–9). Government agents were told this supplier could provide up to 100 kilograms of cocaine for transport at any given time (*id.* at 8). Defendant hired and recruited drivers to transport narcotics, and sold street-level quantities of narcotics himself (*id.* at 22). As a result of his leadership role with the drug trafficking organization, Defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(c) (Dkt. No. 173 at 1). Defendant's trafficking of large quantities of illicit and dangerous drugs represents serious criminal activity that weighs heavily against a sentence reduction.

## IV. CONCLUSION

Defendant is on a medication regimen to manage his relatively common medical conditions, and is housed in a facility with zero COVID-19 cases. His fear of complications from a possible COVID-19 infection does not present an extraordinary and compelling circumstance warranting his release. This is especially so given that the 18 U.S.C. § 3553(a) factors weigh strongly against granting a sentence reduction. Defendant's motion for compassionate release (Dkt. No. 284) is therefore **DENIED**.

It is so **ORDERED**.

**SIGNED** July 11, 2024.

Marina Garcia Marmolejo
United States District Judge